1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Shane Christopher; Frank Buchanan, <br><br> Plaintiffs, <br><br> vs. <br><br> SmithKlein Beecham Corp., <br><br> Defendant. | No. CV-08-1498-PHX-FJM <br><br> **ORDER** |

On November 20, 2009, we entered an order (doc. 93) granting summary judgment in favor of defendant, based on our conclusion that pharmaceutical sales representatives fit within the outside sales exemption of the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 213(a)(1). We now have before us plaintiffs' motion to alter or amend the judgment (doc. 96), defendant's response (doc. 97), and plaintiffs' reply (doc. 98).

This case turns on the definition of "sale" under the FLSA. Before we entered our order, plaintiffs submitted an *amicus curiae* brief filed by the Department of Labor ("DOL") in an action pending in another circuit, in which the DOL took the position that a "sale" for the purpose of the outside sales exemption "requires a consummated transaction directly involving the employee for whom the exemption is sought." DOL brief at 11. The DOL opined that because pharmaceutical sales representatives do not make "actual sales," id. at

5, 10, the outside sales exemption does not apply. The arguments raised in the DOL brief were the same arguments presented in plaintiffs' briefs in the instant action. We have considered each of those arguments and rejected them. Nevertheless, plaintiffs now contend that the position taken by the DOL in its *amicus* brief is entitled to controlling deference. We disagree.

Under Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 843-44, 104 S. Ct. 2778, 2782 (1984), a court must give effect to an agency's regulation containing a reasonable interpretation of an ambiguous statute. Here, the DOL's interpretation is contained in an *amicus* brief and was not subject to the rigors of the Administrative Procedure Act, or otherwise promulgated in the exercise of the agency's rulemaking authority. "[I]nterpretations contained in policy statements, agency manuals, and enforcement guidelines, all of which lack the force of law–do not warrant Chevron-style deference." Christensen v. Harris County, 529 U.S. 576, 587, 120 S. Ct. 1655, 1662 (2000); see also Martin v. Occupational Safety & Health Review Comm'n, 499 U.S. 144, 157, 111 S. Ct. 1171, 1179 (1991); Gonzales v. Oregon, 546 U.S. 243, 255-56, 126 S. Ct. 904, 915 (2006).

Nor is the DOL's *amicus* brief entitled to deference under Auer v. Robbins, 519 U.S. 452, 461, 117 S. Ct. 905, 911 (1997). While an agency's interpretation of its own regulations is generally entitled to substantial deference, id., the regulations at issue here merely restate the terms of the statute itself. The FLSA defines "sale" as "includ[ing] any sale, exchange, contract to sell, consignment for sale, shipment for sale, or other disposition." 29 U.S.C. § 203(k). The regulations, in turn, provide that an employee is exempt as an outside salesperson if the employee is "making sales within the meaning of [29 U.S.C. § 203(k)]." 29 C.F.R. § 541.500(a)(1)(i). The regulations only marginally expound upon the statutory definition by providing that "[s]ales within the meaning of section 3(k) of the Act include the transfer of title to tangible property, and in certain cases, of tangible and valuable evidences of intangible property." Id. § 541.501(b). Plaintiffs' reference to regulations that define "promotion work," 29 C.F.R. § 541.503, and "primary duty," id. § 541.700, do not serve to

define or delimit the definition of "sale," and therefore do not advance their position. Because the underlying regulations largely repeat the statutory language, they "give[ ] little or no instruction on a central issue in this case." Gonzales, 546 U.S. at 257, 126 S. Ct. at 915.

The DOL "does not acquire special authority to interpret its own words when, instead of using its expertise and experience to formulate a regulation, it has elected merely to paraphrase the statutory language." Id. 546 U.S. at 257, 126 S. Ct. at 916. Instead, the DOL's current interpretation in the *amicus* brief is "entitled to respect" only to the extent it has the "power to persuade." Id. at 256, 126 S. Ct. at 915 (quoting Skidmore v. Swift & Co., 323 .S. 134, 65 S. Ct. 161 (1944)). We find the DOL's interpretation unpersuasive.

According to the DOL, "a 'sale' for the purposes of the outside sales exemption *requires a consummated transaction* directly involving the employee for whom the exemption is sought." DOL brief at 11 (emphasis added). This language, however, is inconsistent with the statutory definition which provides that a "sale" includes not only a "sale" as that term is traditionally defined, but also "other disposition." 29 U.S.C. § 203(k). Moreover, the DOL's attempt to now constrict and limit the statutory definition to "actual sales," DOL brief at 5, 10, is contrary to the DOL's previous interpretations that broadly defined the outside sales exemption as requiring a sale "in some sense." Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sales and Computer Employees, 69 Fed. Reg. 22122, 22162 (Apr. 23, 2004).

Not only is the DOL's current interpretation inconsistent with the statutory language and its prior pronouncements, but it also defies common sense. Pharmaceutical sales representatives are salespeople. They make sales the way that sales are made in the pharmaceutical industry. Any other construction ignores reality and defeats the spirit and purpose of the exemption. Under the DOL's interpretation, there are no salespersons in the pharmaceutical industry. This would come as a great surprise to the physicians of this country whose waiting rooms are filled with drug sales reps and the millions of television viewers who are bombarded with drug advertising every time the set is turned on. But

because title under the Uniform Commercial Code passes at the drugstore, under the DOL view, the drugstore clerk is the salesperson. We reject this absurdity.

**IT IS ORDERED DENYING** plaintiffs' motion to alter or amend the judgment (doc. 96).

DATED this 29th day of January, 2010.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge